1  RANDY S. GROSSMAN
   United States Attorney
2  JILL S. STREJA
   Assistant United States Attorney
3  New York Bar No. 4856324
   Federal Office Building
4  880 Front Street, Room 6293
   San Diego, California 92101-8893
5  Telephone: (619) 546-8401
   Email: jill.streja@usdoj.gov
6  Attorneys for United States of America

7

8                  UNITED STATES DISTRICT COURT

9                 SOUTHERN DISTRICT OF CALIFORNIA

10  IN THE MATTER OF THE SEARCH OF:          Case No.  22MJ3297

11
    Samsung Smartphone Model SM-F926U        GOVERNMENT'S EX PARTE
12  ("Target Device 1")                      APPLICATION FOR EXTENSION OF
                                             TIME; DECLARATION OF EDWARD D.
13                                           CODERES

14

15

16       The United States Attorney for the Southern District of

17  California hereby applies for an order extending the time within

18  which the government may complete its search and analysis of

19  the following device seized pursuant to the above-captioned search

20  warrant, signed on September 8, 2022: Samsung Smartphone Model SM-

21  F926U ("Target Device 1").

22       This application is based on the attached Declaration of

23  Homeland Security Investigations Special Agent Edward D. Coderes.

24       DATED: December 6, 2022.

                                  Respectfully submitted,
25                                RANDY S. GROSSMAN
                                  United States Attorney
26

27                                JILL S. STREJA
                                  Assistant U.S. Attorney
28

DECLARATION

I, Edward D. Coderes, do hereby declare:

1.    I am a Special Agent employed by Homeland Security Investigations ("HSI") of the Department of Homeland Security ("DHS") and have been so employed since August 2003. I am currently assigned to the HSI Office of the Resident Agent in Charge, in Oceanside, California. I am a graduate of the Federal Law Enforcement Training Center in Glynco, Georgia.

2.    In conjunction with the San Diego Human Trafficking Task Force and other law enforcement agencies, HSI has conducted a years-long federal investigation into Peter GRIFFIN and his ownership of and association with multiple illicit massage businesses ("IMBs") – or entities that offer commercial sex services under the guise of providing legitimate massages – in California and Arizona. Utilizing and analyzing registration records, permits, business licenses, ownership documents, bank accounts, utility accounts, surveillance, court-authorized GPS tracking devices, and spa advertisements, the investigation established that GRIFFIN was associated with dozens of IMBs in the greater San Diego area. The investigation focused specifically on GRIFFIN's network of IMBs in San Diego and the managers he worked with to operate those illicit businesses: (1) Genie Oriental Spa, managed by Kyung Sook HERNANDEZ; (2) Felicita Spa, managed by Kyung Sook HERNANDEZ; (3) Maple Spa, managed by Yoo Jin OTT; and (4) Blue Green Spa (aka Bonita Spa), managed by Yu Hong TAN. In addition, HSI investigated GRIFFIN's involvement with Massage W Spa in Tempe, Arizona, which was owned by GRIFFIN and managed by OTT.

1      3.   On September 8, 2020, law enforcement executed court-
2  authorized search warrants for email accounts associated with GRIFFIN
3  (griffinpi@juno.com) and HERNANDEZ (kyungsookhernandez@gmail.com),
4  and, on September 23, 2020, law enforcement executed court-authorized
5  premises search warrants on Genie Oriental Spa, Felicita Spa, Maple
6  Spa, Blue Green Spa, GRIFFIN's residence, TAN's residence, OTT's
7  residence, and five of the targets' vehicles.  The evidence resulting
8  from those search warrants included, in addition to email
9  communications between co-conspirators, numerous cellular
10 telephones, tablets, and electronic devices, indicia of commercial
11 sex, and voluminous records relating to the operation of the network
12 of IMBs.
13     4.   A subsequent review of the targets' electronic devices
14 seized and searched pursuant to the premises search warrants revealed
15 that GRIFFIN, OTT, HERNANDEZ, and TAN used cellular telephones,
16 specifically smartphones and the applications thereon, in connection
17 with their operation of the IMBs and to communicate with each other,
18 associates, spa employees, prospective customers, and customers,
19 including about evading law enforcement activity and preparing for
20 regulatory inspections, managing spa finances, recruiting, hiring,
21 and managing spa employees, commercial sex services, Rubmaps reviews,
22 and advertisements.  The targets also used cellular telephones to
23 pay bills related to the IMBs, access online banking applications
24 and services, access emails related to the businesses, and use online
25 translation services to communicate with others.
26     5.   On August 9, 2022, a federal Grand Jury sitting in the
27 Southern District of California returned an indictment charging
28 GRIFFIN, HERNANDEZ, TAN, and OTT with the offenses below, finding

2

probable cause that the defendants had used cellular telephones to promote, manage, establish, or facilitate the IMBs:

| Count | Offense Charged | Defendants |
|-------|-----------------|------------|
| 1 | Conspiracy to Commit Interstate Travel in Aid of Racketeering ("ITAR" or "Travel Act"), 18 U.S.C. § 371 | Griffin, Tan, Hernandez, Ott |
| 2-15 | ITAR, 18 U.S.C. § 1952 | Griffin, Tan, Hernandez, Ott |
| 16 | Conspiracy to Commit Wire Fraud, 18 U.S.C. § 1349 | Griffin and Tan |
| 17 | Wire Fraud, 18 U.S.C. § 1343 | Griffin |
| 18 | False Statement to Mortgage Lender, 18 U.S.C. § 1014 | Griffin and Tan |
| 19-22 | Laundering in Monetary Instruments, 18 U.S.C. § 1957 | Griffin and Tan |

6.    On August 10, 2022, federal arrest warrants were issued for GRIFFIN, TAN, HERNANDEZ, and OTT.

7.    On September 8, 2022, the Honorable Allison H. Goddard, United States Magistrate Judge, Southern District of California issued four federal search warrants: federal warrant 22-mj-03297-AHG authorizing the search of Samsung Smartphone Model SM-F926U ("Target Device 1"); federal warrant 22-mj-03292-AHG authorizing the search of Samsung Smartphone Model SM-A217M/DS ("Target Device 2"); federal warrant 22-mj-03293-AHG authorizing the search of Samsung Smartphone Seizure No. 2022252000003101 ("Target Device 3"); and federal warrant 22-mj-03294-AHG authorizing the search of Samsung Smartphone Seizure No. 2022252000003501 ("Target Device 4") (collectively, the "Target

3

1  Devices").   The devices were then delivered by agents to HSI's

2  Computer Forensics Group for imaging and analysis.   The warrants

3  specifically authorized agents to seize and search the Target Devices

4  and to allow the government to image any seized data and to review

5  the imaged Target Devices and data within 90 days, by December 7,

6  2022, absent further application to the Court.

7        8.   As detailed in the affidavit submitted in support of the

8  warrants to search the Target Devices, GRIFFIN, HERNANDEZ, TAN, and

9  OTT had continued to operate some of the IMBs even after the execution

10  of the federal search warrants on September 23, 2020.   HERNANDEZ

11  continued to operate Genie Oriental Spa until May of 2022, when its

12  name was changed to Eli Acupressure.   HERNANDEZ then continued to

13  work and reside at Eli Acupressure, where she was ultimately arrested

14  on August 11, 2022, and Target Device 3 was seized.   GRIFFIN and TAN

15  continued to own and manage Blue Green Spa up until they were arrested

16  on August 11, 2022, and Target Device 1 and Target Device 2 were

17  seized from GRIFFIN.   TAN was arrested at Blue Green spa.   Finally,

18  GRIFFIN and OTT continued to own and manage Maple Spa until February

19  2021, at which point GRIFFIN incorporated the spa under the new

20  corporate name, Loyal Spa, Inc.   OTT was ultimately arrested outside

21  Loyal, Spa, Inc., on August 17, 2022, and Target Device 4 was seized.

22        9.   As the defendants in this case continued to operate their

23  illicit businesses – and use their cellular devices to conspire to

24  do so – after the search warrants were executed on the target spas

25  (among other locations) on September 23, 2020, the Attachment B

26  identifying items to be seized authorized the seizure of evidence

27  for the period of September 23, 2020, continuing up to the date each

28  defendant was arrested.   Therefore, the seizure in this case requires

1  the analysis of voluminous communications and other electronic data

2  relating to the operation of the network of IMBs over an extended

3  period of time.

4      10.  As noted in the affidavit submitted in support of the

5  federal search warrants described above, it was HSI's understanding

6  that some, if not all, of the defendants retained counsel following

7  the execution of the search warrants on September 23, 2020.

8  Therefore, in an abundance of caution, a filter protocol was

9  established wherein a filter team would initially review the

10 electronically stored information obtained from the Target Devices

11 to protect the attorney-client and work-product privilege of GRIFFIN,

12 HERNANDEZ, and OTT.  Attachment C, submitted with the applications

13 for warrants to search the Target Devices, set forth the privilege

14 review methodology that would be employed prior to the prosecution

15 team's review of any material extracted from the Target Devices.

16     11.  According to the Attachment C protocol, filter agents must

17 first complete their review of each Target Device and remove any

18 privileged information, erring on the side of removing materials that

19 might meet the privileged criteria to separate media.  The filter

20 agents must then create media containing the download from each

21 Target Device, minus anything removed to the separate media ("the

22 clean media").  Filter agents will then provide the clean media to

23 the prosecution team, at which point the prosecution team shall

24 review the clean media for, and seize, information within the scope

25 of Attachment B.  I was informed by an HSI agent participating in

26 the filter review on December 1, 2022, that the filter team's review

27 of the Target Devices is ongoing.

28

1        12.    Due to staffing restrictions and the need to have the

2   filter team consist of agents not involved in the investigation or

3   prosecution, HSI currently has only two filter agents reviewing the

4   voluminous data on the Target Devices.  Moreover, devices previously

5   seized from HERNANDEZ and OTT as part of this investigation required

6   translation from Korean to English, and it is anticipated that the

7   filter review and subsequent analysis of the data on the Target

8   Devices will require similar translation assistance, thus delaying

9   the analysis further.

10        13.    As noted above, once the filering process is completed,

11  agents will still be required to analyze the extensive filtered data.

12  For these reasons, the search and seizure analysis will not be able

13  to be completed by December 7, 2022.  Therefore, I am seeking a 90-

14  day extension, to March 7, 2023, to complete the analysis.

15        I declare under penalty of perjury that the foregoing is true

16  and correct to the best of my knowledge.

17        Executed on December 6, 2022 at San Diego, California.

18

19                                   *Edward Coderes*
                                     _____

20                                   Edward D. Coderes
                                     Special Agent, HSI

21

22

23

24

25

26

27

28

6